UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

ACTION NO. 7:06-cv-187

EQUITRANS, L.P.  PLAINTIFF

VS.  **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

A TRACT OF PROPERTY SITUATED IN CARTER  DEFENDANT
COUNTY, KENTUCKY, CORRESPONDING TO
PROPERTY TAX MAP NUMBER 131-39
7.45 ACRES (PARCEL CV8), et al.

On August 27, 2007, an Ownership Hearing was conducted by the undersigned regarding Tracts LV38, LV27, LV55, JV1A, JV28A, FCR5 and FCR2 pursuant to an Order entered on July 10, 2007, and served upon all parties appearing to own an interest in the respective tracts. D.E. 278. Equitrans L.P. ("Equitrans") appeared at the hearing and presented evidence regarding ownership of each of the tracts through its Regional Director of Land, A. Lee Talbott. John Boggs, an individual claiming an interest in Tract LV55, also appeared at the hearing. Based upon the evidence presented at the hearing and the record, the undersigned makes the following findings of fact and recommends that an Order be entered regarding ownership of the tracts as set forth more fully below.

**FINDINGS OF FACT**

1. In 2005, Equitrans began preparation to construct a seventy (70) mile natural gas pipeline from Langley, Kentucky, to the interconnect with an interstate pipeline operated by East

Tennessee Gas Transmission in Carter County, Kentucky. The project is commonly referred to as the Big Sandy Pipeline Project. A. Lee Talbott was responsible for acquiring the rights of way necessary to implement the project. In this capacity, Talbott had record searches conducted in the counties through which the pipeline was to be constructed to determine ownership of any tract of property over which the Big Sandy Pipeline would be constructed and operated. Under Talbott's direction, Equitrans employees and agents determined the last record title owner of each tract of affected property and then attempted to locate any individuals or entities who might claim an interest in the property. Equitrans was successful in locating and obtaining voluntary right of way agreements with more than ninety seven percent of all affected property owners. However, with regard to certain tracts of property, Equitrans was unable to identify or locate individuals who might be claiming an interest in property affected by the project. With regard to these tracts of property, Equitrans published legal advertisements in the newspaper of record for the county in which the property was located and interviewed known and locatable owners of interests in these tracts in an attempt to locate all individuals who might be claiming an interest in the property. These efforts led to Equitrans locating and obtaining voluntary right of way agreements from additional individuals claiming an interest in affected property but Equitrans was still unable to identify or locate some of the individuals who might be claiming an interest in seven (7) tracts of property.

2. LV55 is a tract of property located in Lawrence County, Kentucky. The last recorded deed that Equitrans was able to locate in the office of the Lawrence County Court Clerk reflected that the tract of property was owned by Elanora Wheeler. Equitrans published three (3) advertisements in the <u>Big Sandy News</u> in an effort to locate heirs of Elanora Wheeler but did not receive any inquiries as a result of the advertisement. Through conversations with heirs of Elanora Wheeler and an Affidavit of Descent submitted by one of the heir, Maxine Ward, Equitrans was

able to identify thirty-one (31) heirs of Elanora Wheeler. Voluntary right of way agreements were obtained from seven (7) of those heirs. Of the remaining heirs, Equitrans was only able to locate one heir, Gerald Boggs. Despite attempts to negotiate with Mr. Boggs, Equitrans was unable to get him to execute a right of way agreement or provide information with regard to the location of other heirs. Mr. Boggs passed away during 2007. Equitrans deposited $5000 into the Registry Account of the Court with regard to LV55, the amount approved by the Court as the fair market value of the right of way based upon an affidavit submitted by Equitrans' appraiser. John Milton Boggs, Gerald Bogg's brother, appeared at the hearing. During the hearing, Equitrans and Mr. Boggs informed the Court they had reached a voluntary agreement with regard to his interest in the property and will submit an agreed order allowing distribution of proceeds from the Registry Account of the Court to Mr. Boggs with regard to his $1/25^{th}$ interest in the property.

    3.    LV38 is a tract of property located in Johnson County, Kentucky. The last recorded deed Equitrans was able to locate in the Lawrence County Court Clerk's office reflected that the last record title owner of the property was John Young. Equitrans was able to locate an Affidavit of Heirship dated January 23, 1989, which had been prepared in conjunction with a condemnation proceeding for Yatesville Lake. Based upon information contained in that affidavit and conversations with individuals identified in that affidavit, Equitrans was able to identify nineteen (19) heirs of John Young. It was able to locate and obtain voluntary right of way agreements from seventeen (17) of the heirs but was unable to locate the remaining two (2) heirs. A notice with regard to the tract of property was published for three (3) successive weeks in the <u>Big Sandy News,</u> but Equitrans did not receive any inquiries as a result of the notice. The Court approved payment of a total of $38,000 into the Registry Account of the Court as the fair market value of the right of way

crossing LV38. The interest of the two remaining unlocatable heirs is 1/30th (Burt Chandler) and 1/60th (Karen Kiser).

4. LV27 is a tract of property located in Lawrence County, Kentucky. The last recorded deed Equitrans was able to locate in the Lawrence County Court Clerk's office reflected that the last record title owner of the property was Oscar Griffith, based upon a deed recorded in 1927. In an effort to locate the heirs of Mr. Griffith, Equitrans spoke with individuals whom Equtirans was able to identify as heirs of Oscar Griffith and published a notice in the Big Sandy News for three (3) successive weeks. As a result of these efforts, Equitrans was able to identify fourteen (14) heirs owning an interest in the property and obtained voluntary right of way agreements from thirteen (13) of those heirs. It was unable to locate the remaining heir Joyce Griffith, who owns a 1/14th interest in the property.

5. JV1A is a tract of property located in Johnson County. In a 1959 partition lawsuit, this tract of property was awarded to the Heirs of Louise Rose by a judgment entered by the Johnson Circuit Court. A Master Commissioner's Deed was not executed to the Heirs of Louise Rose because none of the heirs could be located. Equitrans published a notice in the Paintsville Herald for three successive weeks in an unsuccessful attempt to locate individuals claiming an interest in the property. By prior Order, the Court approved Equitrans' deposit of $10,200 into the Court's Registry account as the fair market value of an easement across the property for construction and operation of the Big Sandy Pipeline.

6. JV28A is also a tract of property located in Johnson County. Equitrans conducted a search of the records of the Johnson County Court Clerk and determined that the last recorded document indicating ownership of the tract was a right of way executed in 1913 which reflected that Minerva Lyons was the last known owner of the property. Equitrans unsuccessfully attempted to

locate heirs of Minerva Lyons by interviewing residents of adjoining tracts of property and by publishing a notice in the Paintsville Herald for three (3) successive weeks. By prior Order, the Court approved Equitrans' deposit of $4750 into the Court's Registry as the fair market value of an easement across the property for construction and operation of the Big Sandy Pipeline.

7. FCR5 is a tract of property located in Floyd County. Based upon a search of the records of the Floyd County Court Clerk, Equitrans determined that Henry Justice was the last record owner of the property. It was able to identify ten (10) heirs of Mr. Justice who own an interest in the property. It was able to obtain voluntary right of way agreements from three (3) heirs who own a combined 5/8th interest in the property. It was also able to locate Eva and George Thornsbury who own a 1/4th interest in the property but was not able to obtain a voluntary right of way agreement from them. Despite conversations with the other heirs and publication of notice in the Floyd County Times for three successive weeks, it has been unable to locate the six heirs who own the remaining 1/8th interest in the property. By prior Order, the Court approved Equitrans' deposit of $10,200 into the Court's Registry account as the fair market value of an easement across the property for construction and operation of the Big Sandy Pipeline.

8. FCR2 is a tract of property located in Floyd County. Equitrans search of the records of the Floyd County Court Clerk revealed that Ed Shepherd is the only owner of this tract of property. Equitrans was unable to obtain a voluntary right of way agreement with Mr. Shepherd and deposited $6800 into the Registry account of the Court based upon the Court's approval of that amount as the fair market value of an easement across the property for construction and operation of the Big Sandy Pipeline.

**RECOMMENDATION**

Therefore, for the reasons stated herein, it is recommended as follows:

1. That judgment be entered herein declaring that the remaining interest in LV38 is held by two unlocatable heirs of John Young who have been identified as Burt Chandler, owning a 1/30 interest, and Karen Kiser, who owns a 1/60 interest in the tract of property.

2. That judgment be entered herein declaring that the remaining interest in LV27 is held by Joyce Griffith, who owns a 1/14th interest in the property.

3. That judgment be entered herein declaring that the remaining interest in LV55 is vested in the heirs of Elanora Wheeler, and John Milton Boggs. Mr. Boggs and Equitrans shall submit to the Court an Agreed Order allowing distribution to Mr. Boggs of proceeds representing his $1/25^{th}$ interest ($200) in LV55.

4. That judgment be entered herein declaring that the remaining interest in JV1A is vested in the unknown heirs of Louise Rose.

5. That judgment be entered herein declaring that the remaining interest in JV28A is vested in the unknown heirs of Minerva Lyons.

6. That judgment be entered herein declaring that the remaining interest in FCR5 is vested in Eva and George Thornsbury who own a $1/4^{th}$ interest in the property, and six unlocatable heirs who own the remaining $1/8^{th}$ interest in the property.

7. That judgment be entered herein declaring that the sole remaining interest in FCR2 is vested in Ed Shepherd. Upon application by Ed Shepherd, the Court should enter an Order directing Mr. Shepherd be paid from the Registry Account of the Court the sum of $6800 deposited as the fair market value of an easement across Mr. Shepherd's property (FCR2) for construction and operation of the Big Sandy Pipeline.

8.  Upon application of any person or entity claiming an interest in Tracts LV38, LV27, LV55, JV1A JV28A, FCR5, prior to the statutory period of escheat set forth in KRS 393.010 et. seq., the Court should reopen the matter to conduct a hearing to determine the applicant's entitlement to funds which have been deposited into the Registry Account of the Court with regard to those tracts of property.

9.  Upon application and proof submitted by Equitrans, the Court should determine Equitrans' entitlement to any refund of funds deposited into the Court's Registry Account based upon its voluntary payments for right of way agreements from owners of interest in Tracts LV38, LV27, LV55, and FCR5.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 19th day of September, 2007.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge